# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-20023
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 12, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE MARIO CASTRO-NAJERA, also known as Jose Mario Castro Najera, also known as Jose Mario Castro, also known as Mario Castro-Najera,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CR-351-1

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jose Mario Castro-Najera (Castro) appeals the 45-month below-guidelines sentence imposed following entry of his guilty plea to a charge of illegal reentry after removal.  We affirm.

Castro challenges the 16-level enhancement imposed under U.S.S.G. § 2L1.2(b)(1)(A)(i) based on his Texas conviction for possession of cocaine with

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

intent to deliver, for which he received a sentence longer than 13 months.  In his view, the Texas conviction did not qualify as a drug trafficking offense because Texas defines *delivery* more broadly than § 2L1.2's drug trafficking offense, given that the Texas offense of delivery may be committed by administering a controlled substance, an act not within the purview of § 2L1.2. He contends further that, for the same reasons, the Texas offense does not qualify as an aggravated felony under 8 U.S.C. § 1326(b)(2).

Castro's claims are foreclosed.  *See United States v. Teran-Salas*, 767 F.3d 453, 460-62 (5th Cir. 2014).  In *Teran-Salas*, we concluded that there is no "realistic probability that Texas would prosecute [the] crime under an 'administering' theory in a way that does not also constitute either 'dispensing' or 'distributing' under the federal sentencing guidelines."  767 F.3d at 460; *see id.* at 458-62.  Further, "[e]ven without considering the drug type or quantity, conviction under the administer prong is not a realistic probability because no previous Texas case has involved a conviction under this prong."  *Id.* at 461. Therefore, we held that the Texas offense of possession with intent to deliver cocaine was a drug trafficking offense under the Guidelines and an aggravated felony under § 1326(b).  *Id.* at 461-62 & n.5.

AFFIRMED.